IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ANDREW ACIE ADAMS**                                                **PETITIONER**

**VERSUS**                                **CIVIL ACTION NO. 1:10-cv-321-HSO-JMR**

**CHRISTOPHER EPPS, et al.**                                    **RESPONDENTS**

<u>MEMORANDUM OPINION AND ORDER</u>

Petitioner Adams filed his Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on July 19, 2010.  The Court entered an Order [7] on November 10, 2010, directing Petitioner to file a written response on or before December 1, 2010, to provide specific information concerning his claims.  Petitioner was warned in the Order [7] that failure to timely comply with any Order of the Court may lead to the dismissal of his Petition.  Petitioner did not comply with this Order.

On December 21, 2010, the Court entered an Order [8] directing Petitioner to show cause, on or before January 5, 2011, why this case should not be dismissed for his failure to comply with the Court's Order [7] of November 10, 2010.  Petitioner was warned in the Show Cause Order [8] that failure to timely comply with the Order would result in the dismissal of his Petition without further notice.  Petitioner failed to comply with the Show Cause Order.

Since Petitioner is proceeding *pro se*, he was provided with one final opportunity to comply with the Court's Orders.  On January 21, 2011, a Final Order to Show Cause [9] was entered directing Petitioner to show cause why this case should not be dismissed for his failure to comply with the Court's Orders [7, 8] of

November 10, 2010, and December 21, 2010, and further directing Petitioner to comply with these Orders. The Final Order to Show Cause [9] also warned Petitioner that failure to timely comply with the requirements of the Order would result in the dismissal of his Petition, without further notice. Petitioner failed to comply with the Final Order to Show Cause.

Petitioner has failed to comply with three Court Orders and he has not contacted the Court since October 12, 2010. This Court has the authority to dismiss an action for Petitioner's failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action *sua sponte*. *See generally Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link,* 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *See id.* at 629-30.

The Court concludes that dismissal of this action for Petitioner's failure to prosecute and failure to comply with the Orders of the Court under Rule 41(b) of the Federal Rules of Civil Procedure, is proper. Since the Respondents have not been called upon to respond to Petitioner's pleading, and have not appeared in this action, and since the Court has not considered the merits of Petitioner's claims, the Court's Order of dismissal will be without prejudice. *See Munday/Elkins Auto.*

*Partners, LTD. v. Smith,* 201 F. App'x 265, 267 (5th Cir. 2006).

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

SO ORDERED, this the 23rd day of February, 2011.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE